FILED
HARRISBURG, PA

DEC 18 2018

PER _____
DEPUTY CLERK

IN THE
UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
HARRISBURG DIVISION

| | | |
|---|---|---|
| ESTEBAN RIVERA LEBRON | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | CASE NO: 3:18-cv-2401 |
| | ) | CIVIL ACTION |
| | ) | |
| KEVIN BITTENBENDER (DHO) | ) | |
| SIS LT. J. TOMLINSON | ) | |
| Defendant(s) | ) | |
| | ) | |

MOTION PURSUANT TO A CIVIL CLAIM UNDER §1983 BIVENS CLAIM

COMPLAINT

JURISDICTION

1. This action arises under <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).

2. Jurisdiction is conferred on this court by 28 U.S.C. §1331.

3. The court has personal jurisdiction over the defendant because the

alleged incidents occurred within the confines of the court.

## VENUE

Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. §1391.

## PARTIES

Plaintiff Esteban Rivera Lebron is a citizen of Puerto Rico, United States, plaintiff resides within the confinements of the federal bureau of prisons at FCI Memphis, P.O. Box 34550, Memphis, Tennessee. The incident in question transpired within the confines of FCI Schuylkill, P.A. located in Minersville Pennsylvania.

Defendants Kevin Bittenbender (DHO) Disciplinary Hearing Officer and SIS (Special Investigative Services) Lieutenant J. Tomlinson are employed with the federal bureau of prisons at the time of the occurance in FCI Schuylkill in their individual capacity. This complaint is lodged against both of these individuals in their seperate and individual capacity that was outside the boundaries and protections afforded them under the civil protections guaranteed by certain civil claims against the federal bureau of prisons and the United States. Both of these named individuals acted within the scope of federal employment at the time of the incident.

## FACTS

The facts of the case are that on January 22, 2016 he was asleep in

his Unit in his cell, he was awakend by the officer by authority of SIS Lt. J. Tomlinson and was told to submit to a cell search. Nothing was found during the search and plaintiff was taken to the Segregated Housing Unit, (hereinafter to be referred to as the SHU) and given an incident report stating he had utilized the inmate phone system to direct and facilitate the orchestration of an attempted drug introduction to the institution. The drug being supposedly and allegedly Suboxone. No proof was obtained to this.

On January 27, 2016 the petitioner was seen by the DHO D. Price, See Appendix "B", to the previous Memorandum of Law in Support filed and is presented as Chronological and supportive evidence of prior history. The final result was the DHO found the plaintiff guilty of the charged incident offense code 1) Introduction of a Narcotic #111 series Shot; 2) Use of the Phone for an Illegal Purpose #197 series Shot. The incident report never stated that the information was based upon any type of confidential source or informant. The Report states that a confidential informant was the basis of the investigation but this was inserted later to give the report legal standing and merit as to substantive evidence based on fact.

Everything used in the case was solely based upon Truphone documents, phone recordings, and SIS Investigative Report(s). There never was an informant, only a past issue and grudge with SIS with the plaintiff. The SIS Technician J. Tomlinson went beyond the scope of his duties and job discription to invent and accuse the plaintiff in order to harrass and have sanctions imposed outside the boundaries of legal Program Policy.

The plaintiff was sanctioned by DHO as to the incident he was eventually cleared of on appeal to:

1. Disciplinary Segregation - 60 Days
   Disallownace of Good Time - 41 Days

3.  Comp 010 Law P.
    Forefeiture of Non Vested Good Conduct Time - 450 Days
    Comp 010 Law P.
4.  Loss of Privileges (Phone) - 2 Years
5.  Loss of Privileges (Visit) - 2 Years
6.  Loss of Priviliges (Visit) - "No Contact Only" - 2 Years

Monetary Fine of $125.00

All Sanctions are served "consecutive" to like sanctions previously imposed.

## SCREENING STANDARD

A federal prisoner may bring a claim upon a Constitutional Deprivation against an offending officer, subject to the defense of qualified immunity. The prisoner may not bring a Bivens claim against the officers employer, the United States or the Federal Bureau of Prisons with respect to the alleged constitutional violation or deprivation. His only remedy lies against the individual. See Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 70, 122 S.Ct. 515; 524, 151 L.Ed.2d 456 (2001)(Pursuant to Bivens, supra, a federal agent may be found liable for actions "in excess of authority delegated to him." Bivens, 403 U.S. at 397. "The purpose of Bivens, is to deter individual federal officers from committing constitutional violations." Melesko.

Allegations must be brought against each named federal actor, specifying how each violated plaintiff's constitutional rights. See Wright v. Smith, 21 F.3d 496, 501 (2nd Cir.1994); Colburn v. Darby Twnship, 838 F.2d 663, 665-66 (3rd Cir.1998)(quoting Estate of Bailey by Oare v. Cnty of York, 768 F.2d 503, 506 (3rd Cir.1985).

Plaintiff states that he is entitled to relief due to the malicious actions of the two named federal employees who constitutionally deprived plaintiff of his First Amendment right to Free Speech without fear of his being locked up and falsely accused of an "attempted crime" plaintiff show-

-4-

ed he was "NOT" guilty of. His Fourth and Fifth and Eighth Amendment rights were also violated under the right as to the Fourth Amendment to be free from illegal search and seizure of his E-mails, Phone, Speech, and housing area from "unreasonable" search and seizure. His Fifth Amendment right to procedural "Due Process" of being protected from harrassment by staff using false statements and/or accustaions to have other staff maliciously search an inmate for retaliatory purposes and to act on false information to levy undue sanctions against said inmate. And finally, his Eighth Amendment right to be free from "cruel and unusual punishment." Free from excessive sanctions as were levied against petitioner, SHU time, Loss of Good time by new standards of 41 days, and old standards of 450 days Non-Vested Goodtime, Loss of Phone, Visits, Commissary, all things that even though the plaintiff was found not guilty of later on, he had already done the SHU time, lost phone time, visit time, commissary, left to linger in the SHU with kidney problems in pain without proper or adequate treatment. In fact the petitioner still is on phone restriction time of only being allowed to gain 100 minutes per month phone limits.

## INFORMATION AND CHRONOLOGICAL ORDER IS SUBMITTED AS EXHIBIT "A"

Inmate Esteban, plaintiff in this matter states that he has filed and contested the sanctions and punishment he received in his marked Exhibit "A" listing all paperwork generated as to appellate process, Administrative Remedy Process' and reply's and non-reply's as to General Counsel and Regional levels. Paperwork generated as to appeal from Hazelton USP where he was sent in result of his false accustaions and sanctions levied in the case that were all proven to be false and retaliatory in nature.

-5-

Plaintiff was sanctioned and can not get the time he spent in the Segregated Housing Unit (SHU) back. PLaintiff's security level was enhanced and he was sent from FCI Schuylkill, a lower security level institution and safer environmet to a United States Penitentiary, where it was a level seven penitentiary. USP Hazelton is one of the most dangerous penitentiarys in the federal bureau of prisons. Plaintiff lost his rights and was penalized and recalculated and sent to a higher and more dangerous institution, where the risk of death was a common daily factor. He lost all of his privileges as to visits, phone, computer, commissary, etc...

In sum, he was made to adjust to a whole new way of life, and it was one where he was in possible danger of being assaulted either by another inmate or even staff for something he was not guilty of. He was made to endure kidney disease and in constant pain by being transferred from his parent institution with a medical condition he was being deliberately ignored for by medical staff both in FCI Schuylkill and again when he got to USP Hazelton. He was not to be transferred in the course of his medical treatment and condition. See __Estelle v. Gamble__, 429 U.S. 97, 102, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)(Deliberate Indifference to medical needs).

Persons in custody are afforded the right to challenge any "violation or constitutional injury in the federal courts of the United States by seeking a writ of habeas corpus 28 U.S.C. §2241 pursuant to __Muniz v. Sabol__, 517 F.3d 29, 33-34 (1st Cir.2008). A prisoner has the right to challenge any disciplinary action that resulted in the loss of good time credits[] is properly brought pursuant to §2241 as the action could affect the duration of the petitioner's sentence, and if found not guilty, to seek justice as to compensatory damages for actions of federal officers outside the scope

and actions of their duty and as to deliberate indifference. Plaintiffs must seek recompense in the district court where the incident happened. In this case, the wrong and damge to the plaintiff happened within the jurisdiction of the Middle District of Pennsylvania, at FCI Schuylkill. See United States v. Barrett, 178 F.3d 34, 50 n.10 (1st Cir.1999).

## CONCLUSION

Plaintiff in this matter has exhausted all of his remedies to the best of his abilities. He states that his constitutional rights and amendments as to the First Amendment, Fourth Amendment, Fifth Amendment and Eighth Amendment were violated by both listed and named staff whom acted well outside the scope of their job descriptions and used known false information and conjecture to harrass and detain, sanction him with full and broad punishments, and to deny him mediacl care and medicine in retaliation and with malicous intent. He states that he was punished unjustly and he was made to endure full sanctions as to SHU time, Loss of Good Time, both new standard tabulation as to the 41 days, and "old" standard tabulation as to Non-Vested time as to the 450 days. Plaintiff suffered the relocation of himself to a higher rated institution, that consisted of other inmates doing full life sentences with possible danger of assault or even death, all due to the undue actions, outside the scope of their duties, and acting in a retaliatory fashion towards the plaintiff in this action.

## DAMAGES

Plaintiff in this matter seeks the damages of $500.000 dollars as to

the false allegations, false evidence that in fact did "NOT" exist, and the pain and suffering of the plaintiff in compensatory and punitive damages.

### RELIEF REQUESTED

Plaintiff requests this Honorable Court to award him damages in the amount listed above and requested as to his claim of his constitutional rights violation and for pain and suffering and any other damages and awards that this court may deem appropriate.

On this __11__ day of __December__, 2018.

Respectfully submitted,

_/s/ Esteban Rivera Lebron_

Esteban Rivera Lebron
Register #20343-069
FCI Memphis
P.O. Box 34550
Memphis, TN. 38184

### CERTIFICATE OF SERVICE

UNited States District Court
Middle District of Pennsylvania
For the Third Circuit
Ronald Reagan Federal Building
@@* Walnut Street
Harrisburg, PA. 17108-9998

I, Esteban Rivera-Lebron, do hereby verify and certify that a true and correct copy of the foregoing was deposited within the legal mailbox at FCI Memphis to the above listed parties using First Class Postage On this __11__, day of __December__, 2018.

-8-



Esteban Rivern Lebron
Prison No.-20343-069
F.C.I. Memphis,
P.O. Box 34550
Memphis, Tenn. 38184

20343-069
United States District Court
Clerk of the Court
Middle District of Pennsylvania
228 Walnut Street
Harrisburg Pa. 17108-9998